UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CLEAVE ABBOTT, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:20 CV 757 RWS |
| UNITED STATES OF AMERICA, | ) ) ) |
| Defendant. | ) ) |

# MEMORANDUM AND ORDER

On June 8, 2020, Plaintiff Cleave Abbott filed a Motion to Vacate, Set Aside, or Correct his Sentence under 28 U.S.C. § 2255. ECF Nos. [1]. Abbott seeks to invalidate his conviction based on the Supreme Court's decisions in Rehaif v. United States, 139 S. Ct. 2191 (2019), and United States v. Davis, 139 S. Ct. 2319.  For the reasons set forth below, I will deny Abbott's motion.

# BACKGROUND

On June 27, 2017, Abbott pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), possession with intent to distribute a controlled substance in  violation of 18 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1).  Abbott was sentenced to 76 months of imprisonment followed by supervised release for a term of three years. The sentence consisted of 16 months

for both the felon in possession count and the possession with intent to distribute, to be served concurrently, and a sentence of 60 months for possession of a firearm in furtherance of a drug trafficking crime. The sentence of 16 months represented a downward variance from the guidelines range of 46-57 months.

## LEGAL STANDARD

To prevail under § 2255, Abbott must show that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). In order to obtain relief under §2255, a movant must establish a constitutional or federal statutory violation constituting "a fundamental defect which inherently results in a complete miscarriage of justice." United States v. Gomez, 326 F.3d 971, 974 (8th Cir. 2003) (quoting United States v. Boone, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)).

"Issues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on 28 U.S.C. § 2255." Theus v. United States, 611 F.3d 441, 449 (8th Cir. 2010) (quoting United States v. Wiley, 245 F.3d 750, 752 (8th Cir.2001)).  One exception arises when there is a "miscarriage of justice," but the Eighth Circuit has "recognized such an exception only when petitioners have produced convincing new evidence of actual innocence."  The United States

Supreme Court has not extended the exception beyond situations involving actual innocence. Wiley, 245 F.3d at 752. Section 2255 ordinarily "is not available to correct errors which could have been raised at trial or on direct appeal." Ramey v. United States, 8 F.3d 1313, 1314 (8th Cir. 1993). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." Bousley v. United States, 523 U.S. 614, 622 (1998) (citations omitted).

## DISCUSSION

In June of 2019, the Supreme Court issued decisions in Rehaif v. United States and United States v. Davis. Abbott relies on these two cases in his 28 U.S.C. § 2255 motion. In Rehaif, the Court held that in prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the United States must prove both that the Defendant knew he possessed a firearm and that he knew his status as a felon. Rehaif, 139 S. Ct. 2191. The Court in United States v. Davis invalidated 18 U.S.C. § 924(c)(3)(B), which defines "crime of violence" in the federal statute setting mandatory minimums for firearms conviction. The Court found that the clause was too vague to stand up to constitutional scrutiny. Davis, 139 S.Ct. 2319. Abbott claims that in deciding Rehaif and Davis, the Supreme Court created new rules of Constitutional

Law, which should be retroactively applied to his case. Therefore, according to Abbott his claim under 28 U.S.C. § 2255 is timely and he is entitled to relief.

Abbotts claim fails on the merits. Rehaif did not announce a new constitutional rule. See Tate v. United States, 982 F.3d 1226 (9th Cir. 2020) (holding that Rehaif announced a statutory, not constitutional, rule). And it has not been made retroactive to cases on collateral review by the Supreme Court. So, it does not apply here. See Clay v. united States, No. 4:19-cv-2015-AGF, 2019 WL 6842005 at * 3 (E.D. Mo Dec. 16, 2019).

Even if Rehaif had announced a new constitutional rule, it would not apply. First, Abbott does not argue that he didn't know he was a felon, but rather that he didn't know he could not possess a firearm. Id. Second, Abbott's claim is procedurally defaulted. See Clay v. United States, 833 Fed. Appx 663, 664 (8th Cir. 2021). Abbott pled guilty to being a felon in possession of a firearm. In the plea agreement he signed, Abbott admitted to knowingly violating 18 U.S.C. § 922(g)(1) and that he had previously been convicted of a crime punishable by more than a year's imprisonment. Abbott did not challenge his plea on direct appeal. See Clay, 833 Fed. Appx. At 664; Bousley v. U.S., 523 U.S. 614, 621 (1998); Silk v. U.S., 955 F. 3d 681, 683 (8th Cir. 2020). Nor did he provided any details demonstrating cause and actual prejudice or actual innocence. See Bousley, 523 U.S. at 621.

Abbott's claim under Davis also fails. Davis dealt with the residual clause of the definition of a crime of violence in the federal statute providing mandatory minimum sentences for using, carrying, or possessing a firearm in connection with a federal crime of violence or in furtherance of a drug trafficking crime. Davis only invalidated the residual clause of the definition of a crime of violence in 18 U.S.C. § 924(c)(3)(B), it did not consider the definition of drug trafficking crime in 18 U.S.C. § 924(c)(2). Since Abbott was convicted of possessing a firearm in furtherance of drug-trafficking crime, not in connection with a crime of violence, Davis does not apply. See Rolley v. United States, No. 20-5140, 2020 WL 4463420 at *2 (6th Cir. July 2, 2020).

## CONCLUSION

Because Abbott has failed to demonstrate he is entitled to relief under the Supreme Court's decisions in Rehaif or Davis, I will deny his motion.

Accordingly,

**IT IS HEREBY ORDERED** that Cleave Abbott's Motion to Vacate, Set Aside, or Correct his Sentence under 28 U.S.C. § 2255, ECF No. [1] is **DENIED**.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 26th day of March 2021.